UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE UNITED STATES, for the Use and
Benefit of THE DIX CORPORATION, a
Washington corporation,

       Plaintiff,

       v.

WESTERN SURETY COMPANY, a South
Dakota corporation,

       Defendant.

Civil No. 06-1816-AS

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff DIX Corporation (plaintiff) filed this action against defendant Western Surety Company (defendant) under what is referred to as the Miller Act, 40 U.S.C. §§ 3131-3133, seeking recovery on a bond that defendant issued to a third party, Advanced Automation

1 -- OPINION AND ORDER

Technologies (Advanced Automation). When defendant failed to plead in response to the Complaint, plaintiff moved for entry of default. Magistrate Judge Ashmanskas granted plaintiff's motion and entered judgment against defendant.

Pursuant to Federal Rule of Civil Procedure 60(b), defendant now moves to set aside the default judgment on grounds that defendant's failure to appear and file an answer was the result of a cataloging mistake by an employee who is responsible for investigating and handling claims asserted against defendant. Defendant contends that but for this mistake, it would have presented meritorious defenses to plaintiff's claim. One of these defenses arises from an arbitration clause contained in the underlying Master Purchase Agreement (the Agreement) between plaintiff and Advanced Automation that requires arbitration of all disputes related to the Agreement. Defendant is willing to reimburse plaintiff for attorney fees and costs incurred in procuring default judgment, in the amount of $351.50.

Plaintiff opposes this motion. The matter was referred to this court for review. Oral argument is deemed unnecessary, and the parties' requests for oral argument and for an expedited hearing are denied. For the following reasons, defendant's Motion to Set Aside the Default Judgment and Default Order [10] is granted.

## BACKGROUND

This action is derived from a dispute existing between plaintiff and Advanced Automation involving federal projects in Arkansas, Kentucky, and Oregon. Plaintiff filed three separate lawsuits against defendant in federal courts in Arkansas, Kentucky and Oregon. These lawsuits assert claims on separate Miller Act bonds that defendant posted to Advanced Automation, and the suits name defendant as the sole defendant in the actions. The Arkansas

action was filed and served on defendant on December 12, 2006. The Kentucky action was filed and served on defendant on January 3, 2007. The subject action was served on defendant's registered agent in Oregon on February 7, 2007.

Defendant asserts that the underlying Agreement between plaintiff and Advanced Automation requires that all disputes arising under the Agreement be arbitrated with the American Arbitration Association in West Chester, Pennsylvania. Notwithstanding this provision, defendant contends, plaintiff has mistakenly sued defendant. Despite this meritorious defense, defendant failed to avoid a default judgment being entered against it after defendant failed to respond to plaintiff's Complaint.

Defendant offers an explanation for its failure. Defendant maintains a system to catalog each lawsuit filed against it and to distribute the suit to the employee assigned to a particular principal's account. Theodore Gryfinski is the surety claims analyst responsible for investigating and handling claims on bonds that defendant posts on behalf Advanced Automation. Accordingly, plaintiff's Complaints for its three federal lawsuits against defendant were routed to Gryfinski.

Gryfinski declares that when he received these Complaints, he mistakenly believed that there was only one action initiated by plaintiff on the bond posted to Advanced Automation for the federal project in Kentucky. He failed to realize that there were three separate actions in three different courts. Gryfinski further declares that due to this mistaken belief, only the federal action in Kentucky was tendered to Advanced Automation for defense of the claim. Advanced Automation filed an Answer in the Kentucky action.

Defendant failed to file an Answer or otherwise appear in the action filed in this court. Plaintiff moved for entry of default in this action on March 5, 2007. This motion was granted on March 7, 2007, and Judgment was entered against defendant in the amount of $222,181.79 on March 8, 2007.

Gryfinksi declares that he realized his mistake on March 14, 2007, while reviewing his files, and that he immediately advised plaintiff's primary lawyer. He learned that a default judgment had been entered against defendant in the subject action and also in the Arkansas action.

On March 20, 2007, the Arkansas court granted defendant's Motion to Set Aside Default. On March 23, 2007, defendant filed the instant motion seeking to set aside the default judgment in this action.

## **STANDARDS**

Under Federal Rule of Civil Procedure 60(b)(1), a court may relieve a party from a default judgment because of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than a year after the judgment was entered. Rule 60(b)(1) guides the court in balancing "the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001) (citing *Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant relief under Rule 60(b) is in the discretion of the court. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). However, the Ninth Circuit has admonished that default judgments are "appropriate only in extreme circumstances" and that "a case should, whenever

possible, be decided on the merits." *TCI Group*, 244 F.3d at 696 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). There is a strong policy disfavoring default judgments and Rule 60(b) is construed as essentially "remedial in nature," to be liberally applied. *Id.*

A court has discretion to deny a motion to set aside a default judgment only if: (1) defendant's culpable conduct led to the default; (2) defendant has no meritorious defense; or (3) plaintiff would be unfairly prejudiced if the judgment is set aside. *Franchise Holdings II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). This "tripartite test is disjunctive," *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988), and only one of these factors need be present to justify denial of a Rule 60(b) motion. *Franchise Holdings*, 375 F.3d at 926; *see also Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir. 1991). The burden of demonstrating the foregoing is borne by the party seeking to vacate the entry of default or the default judgment. *TCI Group*, 244 F.3d at 696; *Cassidy*, 856 F.2d at 1415.

## ANALYSIS

1.      **Plaintiff's Motion for Supplemental Briefing**

Plaintiff has moved, pursuant to Federal Rule of Civil Procedure 15(d), for leave to provide supplemental briefing. If there is "reasonable notice and upon such terms as are just," a court may permit a party to "serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Rule 15(d). Plaintiff does not identify any new transactions, occurrences, or events that have transpired since its Response to the instant motion was filed. Plaintiff instead complains that defendant's Reply raises new arguments concerning transactions and occurrences that had already transpired when plaintiff filed its Response. The court concludes that further

briefing would serve no useful purpose, and that permitting additional briefing is unwarranted. Accordingly, plaintiff's Motion to Supplement Briefing [21] is denied.

**2.    Defendant's Motion to Set Aside Default Judgment and Order**

Defendant moves to set aside the default judgment on grounds that (1) the cataloging mistake giving rise to its default was not "culpable conduct," (2) defendant has meritorious defenses against plaintiff's claims; and (3) defendant is willing to reimburse plaintiff for its actual attorney fees and costs incurred in procuring default judgment. Defendant's motion, made less than one month after the default judgment was entered, is timely. The court proceeds to analyze the merits of defendant's motion.

   **a.    Culpable Conduct**

A defendant's conduct is culpable if the defendant "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "Intentional," in this context, means acting in a manner that is "willful, deliberate, or with evidence of bad faith." *TCI Group*, 244 F.3d at 697 (citing *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). If a defendant has failed to answer negligently, but offers a "good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," that defendant is not deemed to have not acted "intentionally." *Id.* Furthermore, culpability involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings." *Id.* at 698 (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989)).

Defendant has offered a reasonable, albeit weak, explanation for why it failed to make an appearance in this case.  Gryfinski declares that this action was catalogued improperly, and so was not accounted for and not tendered to Advanced Automation for defense and litigation.  The error was due to Gryfinski's mistaken belief that plaintiff initiated only one action in Kentucky, rather than three separate actions with three different projects.  This explanation fails to amount to "intentional" and culpable conduct and does not amount to "conduct which hindered judicial proceedings."

The Ninth Circuit has set aside default judgments in cases where the party in default acted more culpably.  *See, e.g., Gregorian*, 871 F.2d at 1522 (although defendants received notice of a lawsuit, they failed to respond because they believed that the court lacked subject matter jurisdiction over them); *Bateman*, 231 F.3d at 1223-25 (plaintiff's attorney left the country for a family emergency, knowingly missing the deadline to answer a summary judgment motion while he was away, and did not contact the court or opposing counsel until sixteen days after his return); *Falk*, 739 F.2d at 461-64 (defendant who failed to appear at a hearing because she was leaving the country for medical treatment and did not move to set aside the default judgment until five months later was not culpable because she did not return until two months after the judgment and had difficulty obtaining legal services).

Even if a party's proffered explanation for default is weak, default should nonetheless be set aside where the "errors resulted from negligence and carelessness, not from deviousness or willfulness." *Bateman*, 231 F.3d at 1225.

The court is unpersuaded by plaintiff's argument that relief should be denied because the default in this case was caused by defendant's failure to maintain procedural safeguards for

7 -- OPINION AND ORDER

process receipt. Pl.'s Resp. to Mot. to Set Aside Default Order J. (Resp.) at 10. Plaintiff relies on a Fifth Circuit case that affirmed a district court's refusal to set aside a default judgment. *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999). In that case, the person responsible for responding to complaints knew of the existence of the complaint, but failed to follow up on the delivery of the initial complaint or request a duplicate complaint. *Id.* at 939. The court found that the defendant was culpable because its "failure to establish 'minimum internal procedural safeguards' . . . was at least a partial cause of its failure to respond." *Id.*

By contrast, defendant has a system in place for responding to complaints, a system that was vulnerable to Gryfinski's mistaken belief that the Complaint in this action was a duplicate Complaint from another action. Because defendant's failure to respond in this action was a result of a breakdown in well-established procedures, rather than a "prolonged and systematic failure . . . to establish minimum procedural safeguards," *Owens-Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 527-28 (E.D. Tex. 2000), the court finds the reasoning presented in *Rogers* to be inapposite to the case at bar.

There is no evidence of deviousness or willfulness on the part of defendant. Plaintiff complains that defendant's "failure to respond merely reflects the surety company's protocol in ignoring such claims and refusal to respond when suit is filed." Resp. at 11-12. However, the court finds no evidence presented establishing such "protocol."

Defendant responded in a timely manner to the action that it claims was properly logged into its system. The court is satisfied that the error that resulted in the entry of default against defendant was the result of negligence and carelessness, rather than an "intentional" failure to respond.

8 -- OPINION AND ORDER

### b. Meritorious Defense(s)

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *TGI Group*, 244 F.3d at 700 (citations omitted). The burden on the moving party is not extraordinarily heavy; the party "need only demonstrate facts or law showing the trial court that 'a sufficient defense is assertable.'" *Id.* (quoting *In re Stone*, 588 F.2d 1316, 1319 n.2 (10th Cir. 1978)).

Defendant asserts that plaintiff's failure to comply with the arbitration clause of the Agreement before filing actions on bonds that defendant posted to Advanced Automation renders this action subject to dismissal or stay. At least two other circuits have recognized that a non-signatory to an arbitration clause may compel arbitration. *See, e.g.*, *E.I. Dupont De Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, SAS*, 269 F.3d 187, 195-202 (3d Cir. 2001); *Thompson-CSF, SA v. Am. Arbitration Ass'n*, 64 F.3d 773, 779 (2d Cir. 1995) ("[T]he circuits have been willing to estop a *signatory* from avoiding arbitration with a nonsignatory when the issue the nonsignatory is seeking to resolve in arbitration is intertwined with the agreement that the estopped party has signed") (emphasis in original).

Plaintiff's unsubstantiated assertion that "[u]nder the terms of the bond and Oregon law, there is no requirement that [plaintiff] arbitrate with [defendant] its claims against this bond," Resp. at 2, fails to convince the court that allowing defendant to litigate its arbitration defense "would . . . be a wholly empty exercise." *TCI Group*, 244 F.3d at 700 (finding defendant presented sufficient meritorious defense, but acknowledging that reasoning of case on which defense depended may not have survived scrutiny following a recent, related decision by the United States Supreme Court).

9 -- OPINION AND ORDER

### c. Prejudice to Plaintiff

Prejudice that justifies a denial of relief under Rule 60(b)(1) must constitute greater harm than merely delaying resolution of the case. *See Bateman*, 231 F.3d at 1225 (loss of a quick victory and possible delay from having to reschedule a trial date do not justify denying relief) (citations omitted). To be considered prejudicial, "the delay must result in tangible harm such as loss of evidence increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI Group*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434-34 (6th Cir. 1996)). Setting aside default would also be prejudicial if it would impede the non-moving party's ability to pursue that party's claim. *TCI Group*, 244 F.3d at 701 (quoting *Falk*, 739 F.2d at 463). "Being forced to litigate on the merits cannot be considered prejudicial for the purposes of lifting a default judgment." *Id.*

Given that defendant filed its motion less than one month after Judgment was entered against it, delay does not justify denying relief. *See Bateman* 231 F.3d at 1225 (finding one-month delay in filing Rule 60(b)(1) motion was "not long enough to justify denying relief"). Since the entry of default judgment, defendant has litigated diligently, and plaintiff points to no tangible harm that would result from the short delay experienced. The "ordinary cost of litigating," including costs incurred in litigating the default, does not result in any cognizable prejudice to plaintiff. *TCI Group,* 244 F.3d at 701. Accordingly, the fact that plaintiff incurred costs or attorney fees in opposing the instant motion does not establish prejudice.

However, in accordance with defendant's offer to reimburse plaintiff for costs incurred in procuring default judgment, defendant shall reimburse plaintiff for its attorney fees and costs incurred in the amount of $351.50.

**CONCLUSION**

Because the court finds that further briefing would serve no useful purpose, plaintiff's Motion to Supplement Briefing [21] is denied.  For the reasons provided, defendant's Motion to Set Aside the Default Judgment and Default Order [10] is GRANTED, based on defendant's excusable neglect.  Accordingly, the Judgment [9] and Order [8] granting plaintiff's Motion for Entry of Default [4] are both hereby vacated.  In accordance with defendant's offer to reimburse plaintiff for costs incurred in procuring default judgment, defendant shall reimburse plaintiff for attorney fees and costs incurred in the amount of $351.50.  Counsel shall contact Magistrate Judge Ashmanskas to set a schedule in light of this Order.

IT IS SO ORDERED.

DATED this  19   day of April, 2007.


   /s/ ANCER L. HAGGERTY   
ANCER L. HAGGERTY
United States District Judge